## Chew v. Commonwealth

*Lippincott & Donaldson,* for plaintiffs.

*Frank Edward Rodd* and *Norman Snyder,* for Commonwealth.

SWENEY, P. J., March 23, 1961.—After reversal of this court by the Supreme Court of Pennsylvania, see

Chew v. Commonwealth, 400 Pa. 307 (1960), a hearing was held on October 18, 1960, before the writer hereof, as a judge without a jury to decide the proper distribution of damages awarded between the parties. On January 6, 1961, a decision was rendered, fixing damages for the land taken in condemnation at $47,000 and awarding to plaintiffs $46,000 and to the Philadelphia Suburban Transportation Company, $1,000, which sum becomes the property of the Commonwealth by assignment.

Exceptions have been filed by the Commonwealth not as to the amount of the total award but to the distribution thereof.

The law is well settled that, in condemnation proceedings, the measure of damages of the real estate taken is "the value of the property immediately before the condemnation and as unaffected thereby and the value of the property immediately after the condemnation and as affected thereby."

The Commonwealth argues that the distribution of the damages awarded is subject to the same rule. This was in essence the theory of this court when we originally held that plaintiffs were not entitled to damages; however, in view of the Supreme Court's decision, we are now of a different view.

No case is directly in point in Pennsylvania. But it is very evident that, in making distribution of damages, we must determine the nature and kind of the estates of interested parties. The question decided in the affirmative by our Supreme Court was "on the date of condemnation, was the abandonment of the Railroad Company of its right-of-way so imminent as to make the plaintiffs' right of reverter a valuable property right for which they would be entitled to compensation from the condemning body?"

Since plaintiffs are entitled to share in the award of damages, we held a hearing to be advised by testimony

what the value of the damages should be and what the fair value of the interests of the parties were.

The testimony of plaintiffs' expert disclosed that, in his opinion, the value of the fee was $57,000 as of November 25, 1955, the date of taking, and that a fair division would be $500 to the Traction Company and $56,500 for plaintiffs.

The Commonwealth's expert testified that at the former hearing he had placed the value of the land taken at $44,000, that he had formed an opinion as to the value of the separate property rights and now held that opinion and plaintiffs were entitled to $27,000 and the Traction Company to $11,000 for a total of $38,000. Frankly, we were not impressed by the testimony of the Commonwealth's expert appraiser.

To attempt to fix the value of the various interests without considering all of the facts would be impossible. If the interests of the parties had to be fixed as of the date of taking, there was no abandonment and plaintiffs had no interest; but, on the date of taking, the railroad had moved to abandon its right of way and within two or three months their trains ceased running and the right of way was legally abandoned. It seems clear, therefore, that we must divide the damages between the owners of the estate in fee simple defeasible and the owners of the future interest in such shares upon "an event the occurrence of which, within a reasonably short period of time, is probable." Consequently, one interest is based upon the value of the land to be held over a two or three month period and the value of the reversion after that period.

### Decree

And now, March 23, 1961, it is ordered and decreed that:

1. The exceptions of the Commonwealth filed herein, be, and they are hereby, dismissed.

674

2. Judgment is entered for plaintiffs in the sum of $46,000 with interest at six percent per annum from November 25, 1955.

3. An exception is noted for defendant.